IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **DR. AMY BIXLER**<br>**GLENN OSOWSKI**<br>4285 E. Laurel Ridge Drive<br>Port Clinton, OH 43452<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES CUSTOMS**<br>**AND BORDER PROTECTION**<br>c/o Office of Chief Counsel<br>U.S. Customs and Border Protection<br>1300 Pennsylvania Ave., Suite 4.4-B<br>Washington, D.C. 20229<br><br>and<br><br>**ALEJANDRO MAYORKAS, in his**<br>**official capacity**<br>c/o Office of the General Counsel<br>MS 0485<br>Department of Homeland Security<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, D.C. 20528-0485<br><br>and<br><br>**TROY MILLER, in his official capacity**<br>c/o Office of Chief Counsel<br>U.S. Customs and Border Protection<br>1300 Pennsylvania Ave., Suite 4.4-B<br>Washington, D.C. 20229<br><br>Defendants. | Case No.<br><br>Judge<br><br>**COMPLAINT**<br><br>Charles M. Murray (Reg. No. 0052083)<br>cmm@murrayandmurray.com<br>Joseph A. Galea (Reg. No. 0089550)<br>jag@murrayandmurray.com<br>MURRAY & MURRAY CO., L.P.A.<br>111 E. Shoreline Drive<br>Sandusky, Ohio 44870<br>Telephone: (419) 624-3000<br>Facsimile: (419) 624-0707<br><br>Attorneys for Plaintiffs Dr. Amy Bixler and<br>Glenn Osowski |

Now come Plaintiffs Dr. Amy Bixler and Glenn Osowski, by and though counsel, and hereby state as their Complaint against Defendants as follows:

## INTRODUCTION

1. Plaintiffs Dr. Amy Bixler and Glenn Osowski have a simple request of the U.S. Customs and Border Protection and the Department of Homeland Security—that they permit, pursuant to their *Touhy* regulations, Border Patrol Agent ("BPA") Bradley Shaver of the CBP to participate in a short deposition in which he answers a few simple questions relating to what he saw the day he came upon a car crash scene near Fremont, Ohio that left Dr. Bixler badly injured.

2. Only BPA Shaver can testify as to what he saw that day—April 11, 2017. The harm to the Plaintiffs, to the public, and to the Government is profound. Dr. Bixler, a psychologist who was employed by the Veterans' Administration in Toledo, Ohio, is now disabled as a result of the crash. Taxpayers pay for not only Dr. Bixler's medical care, but for her disability benefits. Veterans in the Toledo area are now without the services of a gifted and caring mental health provider, Dr. Bixler. And distracted driving continues on highways used by the CBP and the traveling public.

3. Permitting BPA Shaver's testimony in the state court proceeding between Dr. Amy Bixler and her husband Glenn against the defendant who caused the crash, Judy Miller, would ensure that Miller is held accountable for her distracted driving and that the harms and losses suffered by Dr. Amy and Glenn – and by extension the Government and the taxpayers – are allocated to Miller, as they should be.

4. Accordingly, Plaintiffs ask that this Court determine that the final agency decision barring BPA Shaver from testifying in the underlying case is arbitrary, capricious, and unreasonable under the Administrative Procedures Act ("APA").

## PARTIES

5. Plaintiffs Dr. Amy Bixler and Glenn Osowski are a married couple residing in Port Clinton, Ohio. Dr. Bixler is a psychologist who was employed by the Veteran's Administration in Toledo, Ohio. She was badly injured in an April 11, 2017 motor vehicle collision north of Fremont, Ohio. Dr. Bixler and Mr. Osowski are plaintiffs in the Sandusky County, Ohio Court of Common Pleas action styled *Amy Bixler, et al. v. Judy Miller*, Case No. 18CV237.

6. Defendant United States Customs and Border Protection is a federal agency and part of the U.S. Department of Homeland Security.

7. Defendant Honorable Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security, and is named in his official capacity.

8. Defendant Troy Miller is the Senior Official Performing the Duties of the Commissioner of the U.S. Customs and Border Protection agency, and is named in his official capacity.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action because it arises under the Administrative Procedure Act, 5 U.S.C. §§701, *et seq.*, and thus under federal law. 28 U.S.C. §1331.

10. This Court is the proper venue for this action, in that all or part of the claim for relief arose within this judicial district, and because the Plaintiffs reside in this judicial district. 28 U.S.C. §1391(e)(1).

## FACTS AND CLAIM FOR RELIEF

11. On April 11, 2017, Dr. Amy Bixler was commuting to her job at the VA Toledo facility from her home in Port Clinton. She was traveling southbound on SR 53 in Sandusky County north of Fremont.

12. Judy Miller was driving northbound on SR 53, in the same area, at the same moment.

13. Miller, traveling 55 to 60 mph, failed to stop, or even apply the brakes, for a car that was stopped in her lane of travel, waiting to make a left turn. Miller struck this vehicle, which went left of center into Dr. Bixler's lane of travel.

14. This vehicle struck Dr. Bixler's vehicle, causing it to flip over and come to rest on its roof. Dr. Bixler was temporarily suspended upside-down. She suffered severe injuries to her left side, including her hips and sacroiliac joints, and her shoulder and neck area.

15. The injuries that Dr. Bixler suffered on April 11, 2017 have been debilitating, and have required numerous surgical repairs. She has endured a total hip replacement to attempt to salvage her mobility, but has not regained her hip flexion. She suffered nerve damage, which has been a constant source of pain. She has undergone bilateral sacroiliac joint fusion, and has a neuro-stimulator surgically implanted for bladder incontinence. She has constant neck and should pain, and is undergoing radiofrequency nerve root ablation in her cervical spine, as well as physical therapy for thoracic pain.

16. The extent of her injuries has caused Dr. Bixler to leave employment with the VA for disability reasons. Her application for disability benefits was granted.

17. Miller could not then, and cannot now, explain why she failed to see a readily discernible object – a stopped vehicle – in her field of vision, on a straight roadway on a sunny morning with high visibility.

18. Miller denies distracted driving, and says she was not on her cell phone at the time of the crash. However, she admits to making several phone calls before and after the crash, and Miller's cell phone records indicate she may have been dialing her cell phone – or mid-conversation – at the time of the crash.

19. BPA Bradley Shaver of the CBP was on-duty and traveling on SR 53 behind Miller at the time of the crash.

20. BPA Shaver and his partner witnessed the crash, and immediately stopped to render aid.

21. BPA Shaver walked up to Miller's vehicle to check on her. He reportedly saw her with her cell phone in her hands.

22. Plaintiffs became aware of this information through their investigation of the crash.

23. Plaintiffs filed suit against Defendant Judy Miller for her negligence in causing the injuries suffered by Dr. Amy Bixler, and for loss of consortium for those suffered indirectly by Glenn Osowski as Dr. Bixler's husband. This case is pending in the Sandusky County, Ohio Court of Common Pleas and is styled *Amy Bixler, et al. v. Judy Miller*, Case No. 18CV237. Plaintiffs are also seeking an award of punitive damages against Miller.

24. The issue of whether Miller was distracted at the time she caused the crash that severely injured Dr. Bixler is highly relevant under Ohio law. Ohio law permits recovery of punitive damages when the defendant's conduct evinces a conscious disregard for the rights and

safety of the injured plaintiff. O.R.C. §2315.21(C)(1); *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174 (Ohio 1987).

25. Courts thus routinely impose awards of punitive damages in motor vehicle collision lawsuits when the tortfeasor driver is found to have been distracted by cell phone use.

26. On or about January 26, 2021, Plaintiffs served BPA Shaver with a subpoena to give testimony at a deposition in the *Bixler v. Miller* case, pursuant to and in accordance with Ohio Civ.R. 45. A true and correct copy of that subpoena is attached hereto as **Exhibit 1**.

27. Plaintiffs' counsel further provided the Office of the Assistant Chief Counsel of CBP in Detroit with a statement explaining that BPA Shaver's deposition was sought for the limited purpose of obtaining testimony related to what he witnessed at the crash scene on April 17, 2017, including his observations of whether Miller was holding a cell phone.

28. Plaintiffs' counsel provided that office with the Ohio Traffic Crash Report pertaining to the crash, as well as photographs of the scene.

29. On February 4, 2021, Kevin B. Marsh, the Assistant Chief Counsel of CBP for Detroit emailed Plaintiffs' counsel to inform Plaintiffs that, pursuant to CBP regulations promulgated under the authority of *U.S. ex rel Touhy v. Ragen*, 340 U.S. 462 (1951), CBP would not be permitting BPA Shaver to give any testimony in the *Bixler v. Miller* matter. A true and correct copy of that email is attached hereto as **Exhibit 2**.

30. In that email, Asst. Chief Counsel Marsh stated that the CBP was waiving the requirement of 19 CFR § 103.22(c) and considering the merits of the Plaintiffs' request for testimony. Id. ("While we would disagree with your assertion that you have substantially complied with [§ 103.22(c)]..."). This requirement is waivable by the relevant CBP officer. 19 CFR § 103.22(c).

31. Asst. Chief Counsel Marsh informed Plaintiffs' counsel that BPA Shaver would not be permitted to give testimony in this matter, "in the exercise of [CBP's] discretion," because such authorization is "ordinarily" given in "particularly compelling circumstances." Ex. 2. Asst. Chief Counsel Marsh cited 19 CFR § 103.23(b)(8) and (b)(9) for reasons why BPA Shaver's testimony would not be authorized.

32. Part 103.23 provides factors to guide CBP officials in determining whether to furnish information in response to a demand for CBP information. Subsection (b)(8) states that disclosure of information should not occur where "Disclosure would unduly interfere with the orderly conduct of CBP business". Subsection (b)(9) states that disclosure shall not be authorized where "CBP has no interest, records, or other official information regarding the matter in which disclosure is sought".

33. Asst. Chief Counsel Marsh's determination was unreasonable, arbitrary, and capricious. While Marsh cited applicable regulations, there is no evidence of any analysis of the factors and their application to Plaintiffs' request. Instead, Asst. Chief Counsel Marsh merely states that such requests are not "ordinarily" honored.

34. Although the CBP has discretion to consider requests for information under its own regulations and under *Touhy*, it must actually *consider* the request, not simply reject it under a blanket policy or rubric as it has apparently done in this matter.

35. The February 4, 2021 email from Asst. Chief Counsel Marsh attached as Exhibit 2 constitutes a final order and adjudication by the CBP pursuant to the APA and as defined by 5 U.S.C. § 551(6) and (7) and § 701(b)(2). Therefore the decision rejecting Plaintiffs' request is an agency action for purposes of the APA.

36. Plaintiffs are entitled to judicial review of this agency action under 5 U.S.C. § 702.

37. The CBP's final determination not to permit BPA Shaver's deposition in the underlying Ohio state court civil matter styled *Bixler, et al. v. Miller* is unreasonable, arbitrary, and capricious, and should be overturned by this Court as a violation of the CBP's own regulations.

38. CBP's action was unreasonable, arbitrary, and capricious because CBP denied Plaintiffs' request for BPA Shaver's deposition as a matter of course. As explained by Asst. Chief Counsel Marsh, CBP "will ordinarily authorize production of CBP information in private litigation only in particularly compelling circumstances." Ex. 2. There is no explanation, either preceding or following this statement, as to why Plaintiffs' request is or is not compelling. Certainly, Plaintiffs would disagree, given the profound harms they have suffered as a result of the conduct witnessed by BPA Shaver, as well as the community's objective to hold distracted drivers accountable.

39. Such boilerplate denials, or denials where it is clear that the agency has not actually assessed its own *Touhy* regulations in considering a request for information, are arbitrary and capricious and violate the APA. *OhioHealth Corp. v. United States VA*, S.D.Ohio No. 2:14-cv-292, 2014 U.S. Dist. LEXIS 130239, at *14-17 (Sep. 17, 2014) (finding VA denial of request for information under *Touhy* to be arbitrary and capricious where, *inter alia*, agency wrote that it rejects "thousands of requests" for similar information).

40. CBP has not considered whether the request will actually impact its operations, as it must consider under 19 CFR § 103.23(b)(8). Plaintiffs propose to take a limited deposition of BPA Shaver, consisting of questions regarding what he saw the day of the crash that injured Dr.

Amy Bixler. Plaintiffs' counsel's office is located near BPA Shaver's duty station in Port Clinton, Ohio, and the deposition could be taken at said station, or at a location within Port Clinton or within a few miles of the station, at BPA Shaver's and the CBP's convenience and leisure. The deposition can be taken during off-hours and/or remotely. The impact to CBP operations is absolutely *de minimis* and would be less than if BPA Shaver were appearing in this Court to testify regarding a misdemeanor he observed. The entire deposition would likely be less than 30 minutes.

41. The CBP also did not consider its interest in the proceeding. It may be true that CBP has no *direct* interest in the dispute over Judy Miller's civil liability for severely injuring Dr. Amy Bixler, and by extension, her husband Glenn. But the CBP did not consider *indirect* interests it has in the proceeding, including:

    a. Ensuring that motorists in Sandusky County, Ohio – a region patrolled by BPA Shaver and within the CBP's border zone jurisdiction – drive safely and without distraction, an issue of importance to CBP agents who share these highways;

    b. Ensuring that the costs of injury to Dr. Bixler, a federal employee, are borne by private tortfeasors and not the federal government;

    c. Ensuring that the litigants receive a fair, impartial trial. Indeed, BPA Shaver's testimony may either implicate or exonerate Judy Miller for distracted driving. *See In re Subpoena to NSF*, E.D.Va. No. 3:18-mc-00006-JAG, 2018 U.S. Dist. LEXIS 178277, at *12 (Oct. 16, 2018) (Applying *Touhy* regulations, finding that National Science Foundation's interest in subpoena was ensuring that moving party received a fair trial).

42. Plaintiffs therefore request that this Court hold the February 4, 2021 denial as unlawful, and compel the CBP to permit the deposition of BPA Shaver, as requested by the Plaintiffs. 5 U.S.C. § 706.

WHEREFORE Plaintiffs Dr. Amy Bixler and Glenn Osowski pray that this Court enter judgment against Defendants U.S. Customs and Border Protection, Alejandro Mayorkas, Secretary of the U.S. Department of Homeland Security, and Troy Miller, Senior Officer Performing the Duties of Commissioner of Customs and Border Protection, in their official capacities; that it overturn, hold unlawful, and set aside the Customs and Border Protection's decision refusing to permit the testimony of BPA Bradley Shaver; further requests that this Court compel Defendants to permit the deposition of BPA Shaver as requested by Plaintiffs; and requests that this Court award all other relief to Plaintiffs as may be just and equitable.

/s/*Charles M. Murray*
Charles M. Murray (Reg. No. 0052083)
cmm@murrayandmurray.com
Joseph A. Galea (Reg. No. 0089550)
jag@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 E. Shoreline Drive
Sandusky, Ohio 44870
Telephone: (419) 624-3000
Facsimile: (419) 624-0707

Attorneys for Plaintiffs Dr. Amy Bixler and Glenn Osowski